J-S49016-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DONALD WASHINGTON | |
| Appellant | No. 1953 MDA 2017 |

Appeal from the PCRA Order entered November 3, 2017
In the Court of Common Pleas of Dauphin County
Criminal Division at No: CP-22-CR-0003071-1992

BEFORE:  SHOGAN, J., STABILE, J., and STEVENS, P.J.E.*

MEMORANDUM BY STABILE, J.:                    **FILED NOVEMBER 30, 2018**

Appellant, Donald Washington, *pro se* appeals from the November 3, 2017 order of the Court of Common Pleas of Dauphin County dismissing his petition for collateral relief under the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-46.  Upon review, we affirm.

The factual background and the procedural history of the case are not at issue here.  **See generally Commonwealth v. Washington**, No. 1221 MDA 2014, unpublished memorandum at 1-3 (Pa. Super. filed February 2, 2015) (relating to Appellant's sixth PCRA petition).  Briefly, on April 16, 1993, a jury convicted Appellant of murder in the first degree and related charges in connection with a shooting involving illegal drugs.  On July 18, 1995, this

_____

* Former Justice specially assigned to the Superior Court.

Court affirmed the judgment of sentence of life imprisonment without parole, and our Supreme Court denied Appellant's petition for *allocatur* on April 18, 1995. Appellant filed the petition at issue here on October 20, 2017. The trial court dismissed it on November 3, 2017. This appeal followed.

Appellant argues the trial court erred or abused its discretion in characterizing the underlying petition as a PCRA petition as opposed to a petition for writ for *habeas corpus*. We disagree.

The thrust of his challenge, that his sentence was illegal under ***Miller v. Alabama***, 132 S.Ct. 2455 (2012),[1] squarely falls within the scope of the PCRA. ***See Commonwealth v. Melvin***, 172 A.3d 14, 19 (Pa. Super. 2017) (challenges under ***Miller*** involve the legality of sentence); ***Commonwealth v. Beck***, 848 A.2d 987, 989 (Pa. Super. 2004) ("[i]ssues concerning the legality of sentence are cognizable under the PCRA)).

Appellant also relies on ***Atkins v. Virginia***, 536 U.S. 304 (2002), for the proposition that ***Atkins*** made illegal mandatory sentencing schemes that mandate life without possibility of parole for defendant who suffers from mental disorders or similarly situated. It is well-established that ***Atkins*** claims fall within the purview of the PCRA. ***See Commonwealth v. Bracey***,

---

[1] In ***Miller***, the U.S. Supreme Court held that "mandatory life without parole for those under the age of 18 at the time of their crimes violates the Eighth Amendment's prohibition on 'cruel and unusual' punishments." ***Miller***, 132 S.Ct. at 2460. In ***Montgomery v. Louisiana***, 136 S.Ct. 718 (2016), the U.S. Supreme Court held that ***Miller*** was a new substantive rule that, under the United States Constitution, must be retroactive in cases on state collateral review. ***Montgomery***, 136 S.Ct. at 736.

986 A.2d 128 (Pa. 2009) ("This Court has previously held that we have jurisdiction over an **Atkins** claim pursuant to 42 Pa.C.S. § 9545(b)(1)(iii) so long as the petition raising the claim was filed within sixty days of the Atkins decision, as required by 42 Pa.C.S. § 9545(b)(2)") (citation omitted).

Accordingly, the trial court did not err or abuse its discretion in treating his petition for *habeas corpus* as a PCRA petition.[2] **See**, **e.g.**, **Commonwealth v. Peterkin**, 722 A.2d 638, 640 (Pa. 1998) (PCRA subsumes remedy of *habeas corpus* with respect to remedies offered under PCRA). Having determined that the trial court properly characterized the underlying petition as a PCRA petition, we must now determine whether the petition is timely under the PCRA. We conclude it is not.

All PCRA petitions, "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final." 42 Pa.C.S.A. § 9545(b)(1). The one-year time limitation, however, can be overcome if a petitioner (1) alleges and proves one of the three exceptions set forth in Section 9545(b)(1)(i)-(iii) of the PCRA, and (2) files a petition raising this exception within sixty days of the date the claim could have been presented. 42 Pa.C.S.A. § 9545(b)(2).

"The PCRA's time restrictions are jurisdictional in nature. Thus, [i]f a PCRA petition is untimely, neither this Court nor the [PCRA] court has

---

[2] It should be noted that Appellant unsuccessfully challenged the legality of his sentence under **Miller** and **Montgomery** in connection with his sixth PCRA petition. **Commonwealth v. Washington**, No. 1221 MDA 2014, unpublished memorandum at 1-3 (Pa. Super. filed February 2, 2015).

jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claims." ***Commonwealth v. Chester***, 895 A.2d 520, 522 (Pa. 2006) (first alteration in original) (internal citations and quotation marks omitted). As timeliness is separate and distinct from the merits of Appellant's underlying claims, we first determine whether this PCRA petition is timely filed. ***See Commonwealth v. Stokes***, 959 A.2d 306, 310 (Pa. 2008) (consideration of ***Brady*** claim separate from consideration of its timeliness). The timeliness requirements of the PCRA petition must be met, even if the underlying claim is a challenge to the legality of the sentence. ***See Commonwealth v. Holmes***, 933 A.2d 57, 60 (Pa. 2007) ("Although legality of sentence is always subject to review within the PCRA, claims must still first satisfy the PCRA's time limits or one of the exceptions thereto") (citing ***Commonwealth v. Fahy***, 737 A.2d 214, 223 (1999)).

Instantly, Appellant's judgment of sentence became final on July 17, 1995, when the ninety-day period for filing a writ of certiorari with the United States Supreme Court expired. ***See*** 42 Pa.C.S.A. § 9545(b)(3); U.S.Sup.Ct.R. 13. ***See Washington***, No. 1221 MDA 2014, at 5. Appellant filed the instant PCRA petition on October 20, 2017, approximately over 20 years after his judgment of sentence became final. As such, the instant petition is patently untimely, unless Appellant pleaded and proved that one of the enumerated exceptions applies. Appellant failed to plead and prove the applicability of the exceptions to the PCRA's time restrictions. These omissions

- 4 -

are fatal to the instant appeal. *See Commonwealth v. Wilson*, 824 A.2d 331, 336 (Pa. Super. 2003) ("Appellant's failure to timely file his PCRA petition, and his failure to invoke any of the exceptions to the timeliness requirements of the PCRA, results in an untimely PCRA petition under any analysis.").[3]

Accordingly, we conclude, the PCRA court properly denied the instant petition.

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 11/30/2018

---

[3] Finally, Appellant seems to argue that *Atkins*, similarly to *Miller*, is an Equal Protection Clause case. Neither *Atkins* nor *Miller* are Equal Protection cases. Those two cases announced a new rule with respect to the Eight Amendment. At any rate, even if the claim raised is of constitutional dimension, these claims are subject to the same time limitation requirements. *See*, *e.g., Commonwealth v. Turner*, 80 A.3d 754, 767 (Pa. 2013) (the constitutional dimension of the allegations does not shield from the PCRA jurisdictional time bar).